UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHELLE ANN BALDWIN,

                Plaintiff,              Case No. 1:18-cv-1344

v.                                        Honorable Paul L. Maloney

BUREAU OF PRISONS,

                Defendant.
_____/

**OPINION**

This is a civil action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because it fails to state a claim upon which relief can be granted against the Bureau of Prisons.

       I.        Factual Allegations

Plaintiff is serving a sentence of imprisonment imposed by this Court. She is presently incarcerated at FMC Carswell in Fort Worth, Texas. Plaintiff sues the Bureau of Prisons for the deliberate indifference to her serious medical needs demonstrated by health care

professionals at FMC Carswell and Lieutenant Sosa, the BOP employee responsible for Plaintiff's bus transfer from the Federal Transfer Center in Oklahoma City, Oklahoma, to FMC Carswell. Plaintiff seeks compensation for the medical costs she has incurred and for pain and suffering.

II. Failure to State a Claim

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215. Here, Plaintiff's allegations establish that the relief she requests against the Bureau of Prisons is barred by sovereign immunity under the Eleventh Amendment.

III. Immunity

Plaintiff does not identify the statutory or common law foundation for her claims. Essentially, the complaint alleges that Defendant employs persons who have violated Plaintiff's federal constitutional rights. Such a claim against a state actor would arise under 42 U.S.C. § 1983. Because the alleged violations occurred in the context of a federal incarceration, however, there is no "state actor." Thus, the statute does not apply. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions.").

Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that she has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff's appears to have alleged the two essential elements. By alleging deliberate indifference to her serious medical needs, Plaintiff suggests that her Eighth Amendment rights have been violated. Moreover, there is little question that the Bureau of Prisons acts under color of federal law. Nonetheless, even accepting Plaintiff's allegations as true, she cannot prevail because the Bureau of Prisons is immune from suit.

In *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court noted that although "a federal prisoner in a BOP facility alleg[ing] a constitutional deprivation . . . may bring a *Bivens* claim against the offending individual officer . . . [t]he prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Corr. Servs. Corp.*, 534 U.S. at 72. The Supreme Court earlier explained its unwillingness to imply such a remedy against federal agencies:

> If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government. . . . We leave it to Congress to weigh the implications of such a significant expansion of Government liability.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (footnote omitted). Congress has not so expanded federal government liability. Accordingly, the United States and its agencies, including the BOP, enjoy sovereign immunity against *Bivens* suits. *Bivens*, 403 U.S. at 410 (Justice Harlan concurring) ("However desirable a direct remedy against the Government might be as a substitute for individual officer liability, the sovereign still remains immune to suit.") Because the BOP is immune from a *Bivens* suit, Plaintiff has failed to state a claim against the BOP. Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), Plaintiff's complaint must be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If she is barred, she will be required to pay the appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: December 18, 2018      /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge